IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| CEDRIC STEWART, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Case No. 6:20-cv-24-JDK-JDL |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Cedric Stewart, a Texas Department of Criminal Justice inmate proceeding pro se, filed this federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred to United States Magistrate Judge John D. Love for findings of fact, conclusions of law, and recommendations for disposition.

On February 21, 2021, Judge Love issued a Report and Recommendation recommending that the Court deny the petition and dismiss the case with prejudice on its merits. Judge Love also recommended that a certificate of appealability be denied. Docket No. 25. Petitioner objected. Docket No. 30.

Where a party objects within fourteen days of service of the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en*

1

*banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In his objections, Petitioner argues that the state court findings are not entitled to deference because the state court denial of relief was boilerplate, counsel's performance was deficient in its totality, counsel was ineffective for failing to exclude evidence of extraneous offenses, use of extraneous offenses resulted in improper joinder without proper notice, and he was unlawfully arrested.

Petitioner argues that the state court findings are not entitled to deference because the state court denial of relief was boilerplate. However, the state habeas court provided detailed findings of fact and conclusions of law, which were adopted by the Texas Court of Criminal Appeals in denying Petitioner's state habeas petition. Docket No. 17–12 at 106–10. Denial of a state habeas petition without written order constitutes a denial on the merits subject to deference under 28 U.S.C. §§ 2254(d) and (e). *Register v. Thaler*, 681 F.3d 623, 626 & n.8 (5th Cir. 2012).

Next, Petitioner argues that his counsel's performance was deficient in its totality. This argument is essentially a claim of cumulative error, which Petitioner raises for the first time in his objections. Accordingly, this argument is not properly before the Court. *Finley v. Johnson*, 243 F.3d 215, 218 n.3 (5th Cir. 2001). Even were this claim properly before the Court, a showing of cumulative error requires the petitioner to demonstrate that the individual errors involved matters of constitutional dimension rather than state law, the errors were not procedurally defaulted, and the errors so infected the entire trial that the resulting conviction

violated due process. *Derden v. McNeel*, 978 F.2d 1453, 1456 (5th Cir. 1992). Meritless or non-prejudicial claims cannot be cumulated regardless of the total number raised. *Westley v. Johnson*, 83 F.3d 714, 726 (5th Cir. 1996). Petitioner has failed to demonstrate those elements here.

Petitioner also argues this his counsel was ineffective for failing to exclude evidence of extraneous offenses. But the state records show that Petitioner's counsel did object to the admission of the extraneous offenses. The state courts concluded on appeal that the extraneous offense evidence was properly admitted as proof of identity under Texas Rule of Evidence 404(b). Petitioner has not shown that the Magistrate Judge's rejection of his ineffective assistance of counsel claim in this regard was erroneous.

Finally, Petitioner argues that his counsel was ineffective because use of extraneous offenses resulted in improper joinder without proper notice and because Petitioner was unlawfully arrested. Again, the state records show that Petitioner's counsel moved to suppress the warrantless arrest and the seizure of his clothes, and a hearing was held. The Magistrate Judge rejected Petitioner's claim that counsel failed to raise Fourth Amendment objections, and Petitioner has not shown that this conclusion was in error.[1]

---

[1] Petitioner did not assert improper joinder or unlawful arrest as separate grounds for relief, but included these as arguments in support of his ineffective assistance claim. To the extent he seeks to raise these claims as independent grounds for relief for the first time in his objections, the claims are not properly before the District Court and are without merit. The extraneous offense for which Petitioner had not been convicted was not "joined" as part of the prosecution of the present case and no joinder notice was filed. *See* Tex. Penal Code art. 3.02. Any Fourth Amendment claim that Petitioner may raise is barred by *Stone v. Powell*, 428 U.S. 465, 494 (1976).

Having conducted a de novo review of the Report and the record in this case, the Court has determined that the Report of the United States Magistrate Judge is correct, and Petitioner's objections are without merit. The Court therefore **OVERRULES** Petitioner's objections (Docket No. 30) and **ADOPTS** the Report and Recommendation of the Magistrate Judge (Docket No. 25) as the opinion of the District Court. Petitioner's petition for habeas corpus is hereby **DISMISSED** with prejudice. Further, the Court **DENIES** a certificate of appealability.

So **ORDERED** and **SIGNED** this **16th** day of **June, 2021.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE